1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

MELISSA ELIZABETH B.,

8                        Plaintiff,

9          v.

10   COMMISSIONER OF SOCIAL SECURITY,

11                        Defendant.

12

Case No. C23-5134 RSM

**ORDER AFFIRMING AND
DISMISSING THE CASE**

13        Plaintiff seeks review of the denial of her application for Disability Insurance Benefits.

14   Plaintiff contends the ALJ erred at step two and by rejecting her symptom testimony and Dr.

15   Ene-Stroescu's medical opinion.  Dkt. 8.  As discussed below, the Court **AFFIRMS** the

16   Commissioner's final decision and **DISMISSES** the case with prejudice.

17                              **BACKGROUND**

18        Plaintiff is 42 years old, has at least a high school education, and has worked as a dental

19   assistant.  Admin. Record (AR) 39.  In August 2020, Plaintiff applied for benefits, alleging

20   disability as of May 2020.  AR 82–83, 102.  Plaintiff meets the insured status requirement

21   through December 31, 2024.  AR 16, 18.  Plaintiff's application was denied initially and on

22   reconsideration.  AR 100, 110.  After the ALJ conducted a hearing in March 2022, the ALJ

23   issued a decision finding Plaintiff not disabled.  AR 13–45, 47–80.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the AL's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1.     **Step Two**

Plaintiff contends the ALJ erred by finding her migraines "non-severe." Dkt. 8 at 2–5.

At step two, the ALJ must determine if the claimant has a medically determinable impairment or combination of impairments that are severe, such that they would significantly limit the claimant's ability to perform basic work activities. *See Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 404.1521. Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). The claimant retains the burden of proof at step two and must present evidence showing that he or she suffers from an impairment that has more than a minimal effect on his or her work. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Absence of objective medical evidence of a severe impairment may justify an adverse step two determination. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).

In this case, the ALJ permissibly found Plaintiff's migraines "non-severe." AR 19. First, the ALJ accurately noted Plaintiff often denied or failed to mention this condition. *Id.* Evidence cited by the ALJ shows Plaintiff had normal physical examinations or her primary complaints

focused on joint pain and her mental health. AR 633–38, 665, 734, 759–62, 845–47, 858. The ALJ also noted Plaintiff's headaches were managed with over-the-counter medication. AR 19. The ALJ's assessment is not entirely accurate as the record shows her headaches worsened while using over-the-counter medication, but treatment notes from when Plaintiff was first prescribed medication show she reported experiencing severe headaches only once a month and "smaller less severe ones a couple times per week." AR 740, 861.

Plaintiff argues that even with her prescribed medication, she is still reduced to staying in bed two days a week. Dkt. 8 at 15. But besides her testimony, Plaintiff points to no other part of the record showing Plaintiff's migraines would have more than a minimal effect on her ability to work. Dkt. 8 at 5. Accordingly, the Court finds the ALJ could reasonably find Plaintiff's migraines "non-severe."

Even if the ALJ had erred at step two, Plaintiff has not shown this resulted in harmful error. The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). A claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the "non-severe" impairments when considering the claimant's residual functional capacity (RFC). *Id.* (citing *Molina*, 674 F.3d at 1115). Here, even after finding Plaintiff's migraines "non-severe" at step two, the ALJ nonetheless considered both medical and non-medical evidence regarding this condition in crafting Plaintiff's RFC. AR 24–39. Thus, the Court rejects Plaintiff's argument.

### 2. Plaintiff's Symptom Testimony

Plaintiff testified she is unable to return to work because her fibromyalgia had worsened

1    and because of her mental health.  AR 56, 70.  She stated her fibromyalgia flares occur eight to

2    20 times a month, and when there is a flare, she needs to lay down in a dark room for one to nine

3    hours.  AR 59–60, 68.  Plaintiff explained that due to her fibromyalgia, she has migraines two to

4    three times a week, brain fog that prevents her from processing information, depression, and

5    anxiety.  AR 60–63, 68.  She stated she rates her pain level on a typical day as an eight out of

6    ten.  AR 65.

7          Where, as here, an ALJ determines a claimant has presented objective medical evidence

8    establishing underlying impairments that could cause the symptoms alleged, and there is no

9    affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

10   symptom severity by providing "specific, clear, and convincing" reasons supported by

11   substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

12   isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

13   it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

14         Here, the ALJ rejected Plaintiff's testimony for several reasons, at least one of which is

15   valid and supported by substantial evidence.  First, the ALJ permissibly found Plaintiff's

16   statements were undermined by records indicating her symptoms were managed effectively with

17   treatment.  *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.

18   2006) (holding that "[i]mpairments that can be controlled effectively with medication are not

19   disabling for the purpose of determining eligibility for [social security disability] benefits").

20         The records relied on by the ALJ include treatment notes from Plaintiff's chiropractor,

21   which show that by May 2022, Plaintiff had "progressed as expected," with her pain decreased

22   and her function improved.  AR 869–90.  Plaintiff's record also shows medication has helped

23   with both her fibromyalgia and mental health symptoms, with Plaintiff reporting that her

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

1   regimens "work well" and that she would like to continue.  AR 627, 633–34, 741.

2        The ALJ's reliance on objective medical evidence further supports the ALJ's findings

3   regarding Plaintiff's brain fog, fatigue, and mental health.  *Carmickle v. Comm'r, Soc. Sec.*

4   *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th

5   Cir.1995)) ("Contradiction with the medical record is a sufficient basis for rejecting the

6   claimant's subjective testimony.").  Despite Plaintiff's statements about brain fog affecting her

7   ability to process information, her examinations often showed she was alert and oriented, in no

8   acute distress, with intact judgment and memory, and with normal mood.  AR 610, 630, 635,

9   638, 662, 742, 750–51, 862–63.  Records concerning Plaintiff's fibromyalgia also focused on her

10  physical symptoms instead of mental ones.  *See*, e.g., AR 759–62, 795–96, 845–47.

11       Plaintiff contends the ALJ erred by failing to consider her cardiopulmonary exercise test

12  (CPET) because the findings show the severity of her fatigue, and they reveal she would be

13  unable to engage even in sedentary work.  Dkt. 8 at 5; AR 826–32.  Yet the ALJ did consider the

14  results of the test, and found it inconsistent with other medical evidence in the record.  AR 26.

15  The records cited by the ALJ show Plaintiff consistently failed to report fatigue when consulting

16  for her fibromyalgia, or she expressly denied weakness and fatigue, and as well as back, neck,

17  joint, and muscle pain.  AR 629, 635, 638, 665, 734, 759–62, 845–47.

18       Plaintiff also cites several instances of brain fog and fatigue throughout the record to

19  support her argument, but the evidence is unconvincing as they are records prior to Plaintiff's

20  alleged onset date.  Dkt. 8 t 7; *Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the

21  alleged onset of disability are of limited relevance.").

22       The ALJ also permissibly rejected Plaintiff's testimony due to inconsistencies within her

23  own statements.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

1   consider many factors in weighing a claimant's credibility, including . . . prior inconsistent

2   statements concerning [her] symptoms . . .").  The ALJ noted Plaintiff's reasons for her inability

3   to return to work differed throughout the record.  AR 28.  Though Plaintiff testified her physical

4   and mental health prevented her from working, the ALJ highlighted records stating Plaintiff

5   stopped working so she could take care of her children and her parents.  AR 637–38, 740, 749,

6   795.  That Plaintiff reported she could no longer work for reasons other than disability is a valid

7   reason to disregard her testimony.  *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

8   Further supporting the ALJ's inconsistency finding are records from Plaintiff's employer.

9   Though Plaintiff stated her fibromyalgia had worsened while she was still working and thus the

10  reason for her inability to work, Plaintiff's employer nonetheless reported no problems with her

11  performance or attendance, despite the fact that she worked under no special conditions, such as

12  frequent rest periods.  AR 70, 262–64.

13          The ALJ also permissibly rejected Plaintiff's testimony based on her activities.  AR 29.

14  "An ALJ may also consider 'whether the claimant engages in daily activities inconsistent with

15  the alleged symptoms.'"  *Smartt*, 53 F.4th at 499 (citing *Lingenfelter*, 504 F.3d at 1040).  The

16  record shows Plaintiff is able to take care of her children and grandchildren, administer distance

17  learning, provide care for her parents, manage her self-care, drive to the grocery store, and

18  perform household chores.  AR 291, 309, 311–12, 639, 637–38, 666, 740, 743.  That Plaintiff is

19  still able to partake in these activities, even when her pain level is an eight out of ten, undermines

20  Plaintiff's testimony as to the severity of her condition.  *Smartt*, 53 F.4th at 499 ("Even if the

21  claimant experiences some difficulty or pain, her daily activities 'may be grounds for

22  discrediting the claimant's testimony to the extent that they contradict claims of a totally

23  debilitating impairment.'").

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

In sum, the ALJ has provided several reasons, supported by substantial evidence, to reject Plaintiff's testimony.  Further, because at least one of those reasons is valid, the Court need not assess the other reasons offered by the ALJ.  Even if those other reasons were erroneous, they would be rendered harmless.  *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 3.    Dr. Ene-Stroescu

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 404.1520c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

In May 2020, Dr. Ene-Stroescu wrote in a letter, "[Plaintiff] has Fibromyalgia and possibly early Psoriatic Arthritis.  This does interfere with her daily work activities."  AR 261.  The ALJ permissibly rejected this opinion for its conclusory and vague nature.  AR 30.  An ALJ must consider how a medical source supports his or her medical opinion with objective medical evidence and relevant explanations.  20 C.F.R. § 404.1520c(c)(1).  Dr. Ene-Stroescu failed to provide such information in his letter, therefore the ALJ did not err in rejecting it.  Further, the regulations provide that a medical opinion must provide what a claimant can still do despite his

or her impairment and whether a claimant has limitations or restrictions that would affect his or her ability to meet the physical and mental demands of work activities.  20 C.F.R. § 404.1513(a)(1)(2). As Dr. Ene-Stroescu's letter lacks such information, the ALJ was not required to consider it according to the factors under 20 C.F.R § 404.1520c.

In February 2022, Dr. Ene-Stroescu completed a questionnaire prepared by Plaintiff's counsel.  AR 801–03.  He opined Plaintiff suffers from fibromyalgia and she experiences pain or fatigue severe enough to interfere with her attention, concentration, and ability to persist at tasks. AR 802.  Dr. Ene-Stroescu wrote that based on Plaintiff's reports, she is only able to stand/walk for two to four hours, sit upright for two hours, and would need to recline for an hour during an eight-hour workday.  AR 802.  He opined Plaintiff has frequent limitations in her hand and arm use for holding, handling, manipulating, and reaching.  AR 802–03.  He further opined Plaintiff's fibromyalgia would result in absenteeism of three or more days per month.  AR 803.

The ALJ permissibly rejected part of Dr. Ene-Stroescu's opinion for its lack of supportability.  AR 31.  An ALJ must consider how a medical source supports his or her medical opinion with objective medical evidence or relevant explanations.  20 C.F.R. § 404.1520c(c)(1). The standing, walking, and sitting limitations, as well as the reclining requirements proposed in the questionnaire were based solely on Plaintiff's own reports, rather than objective medical evidence.  Further, because the Court has found the ALJ properly rejected Plaintiff's testimony, any opinion based upon a claimant's own account may be disregarded.  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own account of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'").  Thus, the ALJ reasonably rejected this part of

ORDER AFFIRMING AND DISMISSING
THE CASE - 8

1    Dr. Ene-Stroescu's opinion.

2         The ALJ also permissibly rejected the rest of Dr. Ene-Stroescu's opinion for its

3    inconsistency with Plaintiff's overall record.  AR 31.  An ALJ must consider how consistent a

4    medical opinion is with other medical and nonmedical evidence.  20 C.F.R. § 404.1520c(c)(2).

5    As the ALJ noted, there is scant evidence regarding Plaintiff's complaints with her inability to

6    use her hands.  AR 31.  Instead, the record shows she denied swelling in her hands.  AR 629,

7    635, 638.  While Plaintiff did report some discomfort with her wrists, her exam nonetheless

8    showed normal results with no tenderness and with full range of motion.  AR 795–96.

9    Moreover, as discussed earlier, Plaintiff's chiropractic treatment and medication have resulted in

10   the improvement and management of her fibromyalgia symptoms.  AR 627, 634, 869–90.

11   Therefore, in rejecting Dr. Ene-Stroescu's opinion, the ALJ did not err.

12                                **CONCLUSION**

13        For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

14   case is **DISMISSED** with prejudice.

15        DATED this 10th day of August, 2023.

16

17

18                                    RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE
19

20

21

22

23

ORDER AFFIRMING AND DISMISSING
THE CASE - 9